IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KREG SOLI §  |  |  |
|     Plaintiff, § | CIVIL ACTION NO. |  |
| § |  |  |
| v. § | 3:11-CV-00020-P |  |
| § |  |  |
| JPMORGAN CHASE & CO. and § | ECF |  |
| JPMORGAN CHASE BANK, N.A. § |  |  |
|     Defendants. § |  |  |

PLAINTIFF'S MOTION TO STRIKE AND DISMISS CERTAIN AFFIRMATIVE
DEFENSES IN DEFENDANTS' ORIGINAL ANSWER

After receiving six weeks to answer Plaintiff Kreg Soli's Original Complaint, Defendants' Original Answer, Dkt. 10, contains only threadbare recitals and single sentence invocations of legal theories masquerading as affirmative defenses. Defendants, however, pleaded no factual particulars and many of these "affirmative defenses" fail to provide Mr. Soli with fair notice of the defenses being advanced. Consequently, pursuant to FED. R. CIV. P. 12(f) and 12(b)(6), Mr. Soli moves to strike and dismiss Paragraphs 1, 4, 5, 6 and 12 of Defendants' affirmative defenses.

Factual Background

Defendants employ Mr. Soli as a mortgage loan officer in Dallas, TX. Even though the U.S. Department of Labor clarified in its March 2010 opinion letter that mortgage loan officers are entitled to overtime pay under the Fair Labor Standard Act (FLSA), Defendants refuse to pay Mr. Soli overtime compensation. As a result, Defendants owe Mr. Soli overtime pay equal to time-and-one-half his regular rate of pay for hours worked over 40 for each workweek.

Mr. Soli attempted to resolve this dispute without litigation, but Defendants rebuffed both of Mr. Soli's pre-suit efforts. Consequently, he filed this action on January 5, 2011. *See* Dkt. 1. On January 25th, he agreed to extend Defendants' answer date to February 17th. *See* Dkt. 9. By oral agreement, he subsequently agreed to extend the answer date to February 21st, when Defendants filed their Original Answer, Dkt. 10.

In the Defenses section of their Answer, Defendants plead 14 affirmative defenses to Mr. Soli's FLSA overtime claim. Significantly, however, Defendants offer absolutely no factual allegations to support them. Some of the affirmative defenses may be decipherable without more, but almost half are not. In particular:

> ¶ 1.   The Complaint and each purported cause of action contained therein fail to state facts sufficient to constitute a cause of action.
>
> \* \* \*
>
> ¶ 4.   Plaintiff's claims are barred in whole or in part because such claims have been waived, discharged, abandoned, and/or released.
>
> ¶ 5.   Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands, estoppel, offset and/or setoff.
>
> ¶ 6.   Plaintiff's claims are barred in whole or in part by statutory or other exclusions, exceptions, or credits under the FLSA.
>
> \* \* \*
>
> ¶ 12.   Plaintiff's claims are barred in whole or in part by the doctrine of res judicata and/or collateral estoppel.

Dkt. 10.

Because Defendants' assertions contain no factual allegations, it is impossible to discern the genesis of these affirmative defenses from Defendants' Answer, and Defendants' setoff/offset defense is improper in a FLSA action such as this as a matter of law. The Court, therefore, should strike and dismiss the affirmative defenses made the basis of this motion.

Legal Standard

Affirmative defenses are subject to the same pleading requirements that apply to complaints. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999); *see also Lebouef v. Island Operating Co.*, 342 Fed. Appx. 983, 985 (5th Cir. 2009) ("The pleading of affirmative defenses is governed by the same liberal standards as those for a complaint.").

The pleading of an affirmative defense does not require "detailed factual allegations," but it does demand more than a boilerplate assertion devoid of factual support. *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citations omitted). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do. *Willins v. Credit Solutions of America, Inc.*, No. 3:09-cv-1025-M, 2010 WL 624899, at *1 (N.D. Tex. Feb. 23, 2010) (Lynn, J.) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

While the Fifth Circuit has acknowledged that merely pleading the name of the affirmative defense may be sufficient in some cases, a defendant must plead an affirmative defense with enough factual particularity to give the plaintiff "fair notice" of the defense. *Woodfield,* 193 F.3d at 362.

A court may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, including legally insufficient affirmative defenses. FED. R. CIV. P. 12(f). While motions to strike are generally disfavored, the Court has discretion to strike an affirmative defense if it is insufficient as a matter of law. *Willins*, 2010 WL 624899, at *1 (citing *Kaiser Aluminum & Chemical Sales, Inc. v.*

*Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057 (5th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *FDIC v. Cheng*, 832 F.Supp. 181, 185 (N.D.Tex.1993) (Sanders, C.J.).

Under FED. R. CIV. P. 12(b)(6), an affirmative defense "must be dismissed for failure to state a claim if the [defendant] fails to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Crumbley v. Gannon*, No. H-08-2172, 2008 WL 2894828, at *2 (S.D. Tex. July 22, 2008) (citing *Twombly*, 127 S.Ct. at 1974).

Argument & Analysis

Defendants' affirmative defenses at Paragraphs 1, 4, 5, 6, and 12 in the "Defenses" section of their Answer amount to little more than threadbare legal conclusions and single sentence invocations of legal theories. They contain no factual allegations and fail to provide Mr. Soli with "fair notice" of the defenses being advanced. Therefore, they should be stricken.

A.  Defendants' "Failure to State a Claim" Defense Does Not Satisfy Rule 8's Pleading Requirements. (¶1)

A defendant must plead an affirmative defense with enough specificity or factual particularity to afford the plaintiff "fair notice" of the defense that is being advanced. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir.1999). Here, Defendants pleaded no facts to support their "failure to state a claim" affirmative defense. Given the extreme number of defenses this broad language may entail, the defense lacks sufficient particularity to provide Mr. Soli with "fair notice" of the specific defense being advanced.

In *E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, this Court recently struck an identical "failure to state a claim" defense on the grounds that the employer—like Defendants in this action—pleaded no facts to identify the specific basis of the defense. No. 3:10-cv-

1911-D, 2011 WL 208408, at *3 (N.D.Tex. Jan. 21, 2011) (Fitzwater, J.) ("The EEOC moves to strike defense #1, in which [defendant] alleges that EEOC has failed to state a claim on which relief can be granted, contending it does not satisfy Rule 8(a). The Court agrees, concluding that the defense as pleaded does not comply with *Woodfield*…"). S*ee also LaSalle Bank Nat'l Ass'n v. Paramont Props.*, 588 F.Supp.2d 840, 860-61 (N.D. Ill. 2008) (citing cases). Based on the foregoing, the Court should strike paragraph 1 of the Defenses section in Defendants' Answer.

B.  <u>Defendants' "Waiver, Discharge, Abandonment and/or Release" Defense Is a Threadbare Recital Without any Factual Particularity. (¶4)</u>

Defendants' affirmative defense at Paragraph 4 of the Defenses section similarly fails to allege sufficient facts. The Fifth Circuit Court of Appeals held in *Woodfield* that a defendant "baldly 'naming' the broad affirmative defense of 'accord and satisfaction' and 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question." 193 F.3d at 362 (5th Cir.1999). It is no surprise then that this Court has routinely stricken "waiver and release" affirmative defenses when they are unaccompanied by factual particulars. *See, e.g., E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at *3; *Software Publishers Assoc. v. Scott & Scott LLP*, No. 3-06-cv-0949-G, 2007 WL 2325585, at *2 (N.D.Tex. Aug. 15, 2007) (Fish, J.) (striking affirmative defenses of waiver, estoppel, ratification, laches and unclean hands). Consequently, the Court should strike paragraph 4 of the Defenses section in Defendants' Answer.

C.  <u>Defendants' "Unclean Hands, Estoppel, Offset, and/or Setoff" Defense Does Not Provide Mr. Soli with "Fair Notice." (¶5)</u>

Defendants' bald averment of boilerplate legal terms in Paragraph 5 of the Defenses section, likewise, does not satisfy Rule 8's pleading requirements. This court

has routinely stricken almost identically pleaded unclean hands, offset, and estoppel defenses in *EEOC v. Courtesy Bldg. Servs., Software Publishers Assoc.* and other cases, because the pleadings did not provide the plaintiff with "fair notice" of the defenses being advanced. *See E.E.O.C. v. Courtesy Bldg. Servs., Inc.*, 2011 WL 208408, at *3 (citing cases); *Mehler Texnologies, Inc. v. Monolithic Constructors, Inc.*, No. 3:09-cv-655-M, 2010 WL 850614, at *3 (N.D.Tex. Mar. 11, 2010) (Lynn, J.) (striking unclean hands, offset, and estoppel affirmative defenses); *Software Publishers Assoc.*, 2007 WL 2325585, at *2 (striking unclean hands and estoppel affirmative defenses); *TracFone Wireless, Inc. v. King Trading, Inc.*, No. 3:08-cv-0398-B, 2008 WL 4826035, at *1-2 (N.D.Tex. Nov. 6, 2008) (Boyle, J.) (striking unclean hands and estoppel affirmative defenses); *T-Mobile USA, Inc. v. Wireless Exclusive USA, LLC*, No. 3:08-cv-0340-G, 2008 WL 2600016 (N.D. Tex. July 1, 2006) (Fish, J.) (striking unclean hands affirmative defense). For the same reasons provided in the cited cases, the Court should strike paragraph 5 of the Defenses section in Defendants' Answer.

D.  <u>Defendants' "Statutory or Other Exclusions, Exceptions or Credits" Defense Lacks the Requisite Factual Particularity. (¶6)</u>

While the Fifth Circuit has acknowledged that merely pleading the name of the affirmative defense may be sufficient in some cases, Paragraph 6 of the Defenses section of Defendants' Answer is not one of those cases. *Woodfield*, 193 F.3d at 362. Mr. Soli cannot understand the genesis of this affirmative defense and Defendants neither cite a statutory provision "or other exclusion, exception or credit," nor plead any facts to provide him "fair notice." Based on the threadbare nature of the allegation, it is almost as if Defendants extracted paragraph 6 from a boilerplate list of affirmative defenses without regard to the particular claims in this action. Paragraph 6 should be stricken because it

does not provide Mr. Soli with "fair notice" of the defense being advanced or the circumstances explaining how it is applicable.

E.   Defendants Fail to State Any Facts to Support their "Res Judicata and/or Collateral Estoppel" Defense. (¶12)

In *Willins v. Credit Solutions of America, Inc.*,—also a FLSA action—this Court considered whether or not a virtually identically worded res judicata defense ("Plaintiffs' claims are barred by the doctrines of res judicata and collateral estoppel") satisfied Rule 8's pleading requirements. No. 3:09-cv-1025-M, 2010 WL 624899, at *1 (N.D. Tex. Feb. 23, 2010) (Lynn, J.). The Court struck the res judicata/collateral estoppel defense because it contained no factual allegations and it was impossible for the plaintiff to understand the genesis of the defense based on the defendant's answer as a whole. *Id*.

This court's decision in *Willins* is co-extensive with the Fifth Circuit's determination in *Woodfield,* where the court of appeals held that baldly naming the affirmative defenses of "accord and satisfaction" and "waiver and/or release," without more, fell well short of the minimum particulars needed to properly plead an affirmative defense. *Woodfield*, 193 F.3d at 362.

Based on *Willins* and *Woodfield,* the Court should strike Defendants' res judicata and collateral estoppel defenses too.

F.   Defendants' "Offset and/or Setoff" Defense Must be Dismissed. (¶5)

As noted above, Defendants' "offset/setoff" defense in Paragraph 5 of the Defenses section fails to satisfy Rule 8's pleading requirement. In addition, the defense must be dismissed under FED. R. CIV. P. 12(b)(6) because the Fifth Circuit Court of Appeals recently clarified that this defense is not available in a FLSA action. *Martin v. PepsiAmericas, Inc.*, 628 F.3d 738 (5th Cir. 2010)

In *Martin*, the court reiterated that setoffs are strictly prohibited in FLSA actions, unless the money being set off is wages that the defendant pre-paid to the plaintiff and the setoff does not result in the plaintiff receiving wages below the federal minimum wage rate. 628 F.3d 738, 742 (5th Cir. 2010).

In the present matter, Defendants support their defenses with no facts whatsoever and have not identified any particular pre-payments to Mr. Soli, any debt or obligation that Mr. Soli allegedly owes them, or any other matter to support an offset/setoff defense in this action. The Court, therefore, should dismiss Defendants' offset/setoff defense.

## Conclusion

Despite receiving six weeks to respond to Mr. Soli's Original Complaint, Defendants can muster only threadbare recitals and single sentence invocations of legal theories to allege as affirmative defenses. Paragraphs 1, 4, 5, 6, and 12 of the Defenses section of Defendants' Original Answer are devoid of facts and do not satisfy Rule 8's liberal pleading requirements. In particular, they fail to provide Mr. Soli with "fair notice" of the defenses being advanced. Consequently, the Court should strike these allegations as it did with similar and identical allegations in *Willins, Courtesy Bldg. Servs., Software Publishers Assoc., Mehler Texnologies, TracFone Wireless, Inc., T-Mobile USA, Inc.,* and other decisions. In addition, the Court should dismiss Defendants' setoff/offset defense in Paragraph 5 because the defense is prohibited in FLSA actions as a matter of law based on the allegations pleaded by Defendants.

Respectfully submitted,

_____
Barry S. Hersh
State Bar No. 24001114

*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*

Hersh Law Firm, A Professional Corporation
3626 N. Hall St., Suite 800
Dallas, TX 75219-5133
Tel.  (214) 303-1022
Fax. (214) 550-8170

ATTORNEY FOR PLAINTIFF

CERTIFICATE OF CONFERENCE

Plaintiff's counsel, Barry Hersh, has attempted to confer with Defendants' counsel, Anne Marie Painter and Farin Khosravi, on the substance of this motion in an effort to resolve this dispute without court action on at least three occasions on three separate days.  Defendants have not agreed to the requested relief and, therefore, Plaintiff understands them to be opposed.  Certified on this 24th day of February 2011.

_____
Barry S. Hersh

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing is being served on all opposing parties by and through their attorney(s) of record via the Northern District of Texas' CM/ECF system.

_____
Barry S. Hersh